IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY YELARDY, | § | |
| | § | |
| Defendant Below, | § | No. 365, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0303008652A (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 3, 2021
Decided: January 4, 2022

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)     On November 16, 2021, the appellant, Stanley Yelardy, filed a notice of appeal from a Superior Court order, dated and docketed on May 1, 2020, denying his *pro se* request for a certificate of eligibility to file an application for sentence modification under 11 *Del. C.* § 4214(f).  A timely notice of appeal should have been filed by July 2, 2020.[1]   The Senior Court Clerk issued a notice directing Yelardy to

---

[1] Normally a timely notice of appeal would have been due by June 1, 2020, but deadlines were extended in 2020 as a result of the COVID-19 pandemic. *See* Supr. Ct. R. 6(a)(iv) (providing notice of appeal must be filed "[w]ithin 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief"); Supr. Ct. R. 11(a) (providing that if the last day of the time period is a legal holiday, then the time period runs until the next day the Clerk's office is

show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2)     In his response to the notice to show cause, Yelardy states that he did not receive the May 1, 2020 order until October 19, 2021.  He includes a prison mail log showing he received no mail from the Superior Court in May 2020.  In response, the State laudably concedes that the prison mail logs do not reflect Yelardy received any mail from the Superior Court in 2020.  It appears that the May 1, 2020 order may have been sent to Yelardy's former defense counsel, but the mail log provided by Yelardy shows that he did not receive any mail from the Office of Defense Services after February 2020.

(3)     Because of the possibility that Yelardy did not receive the May 1, 2020 order in a timely manner, the State suggests that the matter be remanded to the Superior Court with directions to re-issue the May 1, 2020 order so Yelardy has the opportunity to file a timely notice of appeal. We agree that the proper course of action is to remand this matter to the Superior Court.  Upon remand, the Superior Court shall re-issue the May 1, 2020 order.

---

open); Administrative Order No. 7 § 7 (June 5, 2020), available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf (extending deadlines that expired March 23, 2020 and June 30, 2020 through July 1, 2020).

NOW, THEREFORE, IT IS ORDERED that the within matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice